**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETBULA, LLC | No. C06-00711 MJJ |
| Plaintiff, | **ORDER CLARIFYING THE DOCUMENT REQUEST LIMIT IN THE OCTOBER 16, 2006 PRE TRIAL ORDER** |
| v. | |
| BINDVIEW DEVELOPMENT CORPORATION ET AL, | |
| Defendants. | |

Having read and considered Plaintiff's Motion for Clarifying the Document Request Limit in the October 16, 2006 Pre-Trial Order[1], and Defendants' opposition, the Court **CLARIFIES** the Pre-Trial Order.

The Court ordered document requests in this case be limited to a total of fifty requests per side. While Plaintiff defines "you" and "your" to include Defendants Bindview Development Corporation, Symantec Corporation, and Eric J. Pulaski, every request does not imply all three Defendants. (*See* Plaintiff Netbula, LLC's First Set of Requests for Production of Documents and Things 1:27-28.) For example, Request No. 1 asks for "Installable copies of ALL BINDVIEW SOFTWARE for every revision." (*Id.* at 5:22-23.) This request requires a response only to Bindview Development Corporation. However, Request No. 17 asks for "All documents supporting defendants' affirmative defenses, including but not limited to license, fraud, unclean hands, lack of

---

[1] Docket No. 75

1  originality, invalidity of copyright registration." (*Id.* at 8:1-3.) This request functions as three
2  requests as it requires separate responses as to each Defendant. Calculating the requests in this
3  fashion, the Court notes Plaintiff did not exceed fifty document requests.
4     Given the recent developments in the case, namely the relation of two additional cases, the
5  Court will set a Status Conference to develop a further discovery plan in this case.

7  **IT IS SO ORDERED.**

9  Dated: February  22 , 2007

   MARTIN J. JENKINS
   UNITED STATES DISTRICT JUDGE