UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETBULA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BINDVIEW DEVELOPMENT<br>CORPORATION, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-06-0711 MJJ (EMC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS; AND GRANTING DEFENDANTS' MOTION FOR ATTORNEY'S FEES**<br><br>**(Docket Nos. 103, 128)** |

Plaintiff Netbula, LLC has moved for sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. In turn, Defendants have moved for attorney's fees as prevailing parties pursuant to Rule 11(c)(1)(A) should this Court deny Plaintiff's Rule 11 motion. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **DENIES** Netbula's motion for sanctions and **GRANTS** Defendants' motion for attorney's fees.

## I. DISCUSSION

A. <u>Plaintiff's Motion for Sanctions</u>

Netbula presents four reasons why sanctions are in order against Defendants and/or their counsel:

(1) Defendants mischaracterized Netbula's fraud claim in their motion to dismiss (filed on June 15, 2006);

(2) Defendants improperly argued in their motion to dismiss that, at the time of the settlement communications between the parties, Netbula had not yet obtained a copyright registration and therefore had no right to sue;

(3) Defendants' affirmative defense of unclean hands -- which was based in part on Defendants' claim (as stated in their opposition to a motion to strike, filed on October 31, 2006) that Netbula was not even organized until after the alleged date of first publication by Netbula -- was meritless;

(4) Defendants improperly claimed in a joint case management statement (filed on September 29, 2006) that, in conjunction with settlement discussions, Netbula had failed to produce documents; and

(5) Defendants mischaracterized and continue to mischaracterize Netbula's pricing of its products (*e.g.*, in their opposition to a motion to strike, filed on October 31, 2006, and in their second amended answer, filed on December 6, 2006).

The Court denies Netbula's request for Rule 11 sanctions because the request was not timely made. Rule 11 contains a safe harbor provision, which specifies that a Rule 11 motion "shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . , the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(1)(A). Because of this safe harbor provision, which allows the opposing party to withdraw the offending contention before the court has the opportunity to consider or rule upon it, "a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)." Fed. R. Civ. P. 11(b) and (c), 1993 Advisory Committee Notes. In short, "[o]rdinarily [a Rule 11] motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely." *Id.*

In the instant case, Netbula's Rule 11 motion was untimely because it was not filed until many months after Defendants' offending contentions were made and long after the presiding judge had already considered or ruled upon the papers containing the offending contentions. Netbula's reliance on *Price v. Hawaii*, 789 F. Supp. 330 (D. Haw. 1992), is not well placed. There, the court did note that "'in the case of pleadings the sanctions issue under Rule 11 normally will be

2

determined at the end of the litigation"; however, "'in the case of motions [the sanctions issue normally will be determined] at the time when the motion is decided or shortly thereafter.'" *Id.* at 336 (quoting Fed. R. Civ. P. 11, 1983 advisory committee notes). The instant case involves contentions made in motions, and not pleadings. Moreover, *Price* relied on the 1983 advisory committee notes but, as noted above, the 1993 advisory committee notes which were subsequently issued confirm that "[o]rdinarily [a Rule 11] motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely." Fed. R. Civ. P. 11(b) and (c), 1993 Advisory Committee Notes.[1] The purpose of the safe harbor provision -- to permit the opposing party to remedy an erroneous assertion and to obviate the expenditure of judicial resources on merits related matters easily correctable by the parties -- was thwarted by Plaintiff's failure to move promptly before Judge Jenkins. Plaintiff's motion is untimely.

Even if Netbula's Rule 11 motion were untimely, the Court would still deny the request for sanctions based on the merits. For example, regarding (1), Defendants' interpretation of Netbula's allegations was not unreasonable. Throughout the complaint, Netbula characterized the reports provided by Bindview to Nebula as false, thus suggesting that Netbula had relied on the reports. *See, e.g.*, Compl. ¶ 67 (alleging that the reports provided to Netbula and related representations by BindView were "knowingly false when made and were made with the intent to deceive Plaintiff and to induce Plaintiff to rely upon the false and/or incomplete reports and representations"). While Judge Jenkins found that Defendants had "mischaracterized" Plaintiff's fraud claim, he did not hold Defendants' characterization was frivolous.

Regarding (2), there is case law supporting Defendants' contention that a party has no right to sue for copyright infringement until the copyright registration actually issues (*i.e.*, an application for registration is not good enough). *See, e.g.*, *Brush Creek Media, Inc. v. Boujaklian*, No. C-02-3491 EDL, 2002 U.S. Dist. LEXIS 15321, at *5-11 (N.D. Cal. Aug. 19, 2002) (noting that "[s]everal courts, as well as the authors of the leading treatise on copyright, have concluded that a pending registration application is sufficient to confer federal jurisdiction over a copyright

---

[1] Netbula also cites *Patterson v. Apple Computer, Inc.*, No. 04-0405 PJH (Docket No. 133), in support of its position, but that case was specifically identified by the presiding judge as not for citation.

infringement claim" but that "[o]ther courts have concluded instead that a certificate of copyright registration from the Copyright Office is a prerequisite to bringing a copyright infringement claim"; agreeing with the latter courts). Moreover, there is a discrepancy between the execution and filing dates of the copyright registration application.

Regarding (3), although it appears that Defendants' could have easily determined the date Netbula was organized in Delaware and thus presents the strongest case for service of a Rule 11 motion, this issue illustrates why the safe harbor provision is important. Once Defendants made the offending contention in their opposition to the motion to strike, Netbula should have asked Defendants to withdraw the contention because Netbula was incorporated earlier in Delaware. It could have easily document such to Defendants' satisfaction. Netbula did not do so. In fact, even in its reply brief, Netbula failed to bring this corrective information to Defendants' and the presiding judge's attention.

Regarding (4), Netbula's counsel signed off on the joint case management statement and failed to object to the offending assertion at the time. Nor did it serve a Rule 11 motion immediately thereafter. In any event, Defendants' statement was not misleading. Netbula had not produced all the documents requested.

Regarding (5), Defendants had an evidentiary basis for alleging that the relevant software cost only $6 per copy (*i.e.*, under the StorageTek agreement, the software cost $5,995 per 1000 copies), and Netbula has not adequately demonstrated why Defendants would or should know that the $5,995 per 1000 copies was not standard. The fact that, in 9/05, Netbula gave to BindView a license agreement *template* with a price of $19,995 per 1000 copies, *see* Mot. at 21, is not dispositive. The template does not establish that other parties actually paid $19,995 for 1000 copies (or something comparable). The issue is at the very least debatable. Rule 11 motion should not be "prepared to emphasize the merits of a party's position." 1993 Advisory Committee Notes.

Finally, the Court denies not only the request for sanctions under Rule 11 but also the request for sanctions under § 1927. For the reasons stated above, Defendants did not act "unreasonably and vexatiously." 28 U.S.C. § 1927. Moreover, § 1927 authorizes sanctions only where proceedings have been unreasonably and vexatiously *multiplied* and Netbula has not demonstrated such.

4

B.     Defendants' Motion for Attorneys' Fees

Under Rule 11(c)(1)(A), "[i]f warranted, [a] court may award to the party prevailing on the [Rule 11] motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." Fed. R. Civ. P. 11(c)(1)(A). Defendants have prevailed in opposing Netbula's request for Rule 11 sanctions and accordingly have asked for the Court to award their attorney's fees. Plaintiff agreed at the hearing that fees may be awarded to the prevailing party on a Rule 11 motion, including the target of the motion, without a showing that the motion was frivolous. *See EEOC v. Tandem Computers*, 158 F.R.D. 224, 229 (D. Mass. 1994).

According to Defendants, at the time the opposition was filed, they had incurred over $35,000 in fees, representing 84.3 hours of attorney time. *See* Wakefield Decl. ¶ 21. Defendants represent that the $35,000 "does not include fees incurred in preliminary research, fact gathering, and drafting of the April 3 letter to Plaintiff's counsel regarding the [Rule 11] motion." *Id.*

The Court concludes that fees are warranted in this case. Netbula's Rule 11 request clearly was not compliant with the Rule, being made well after the presiding judge had already considered or ruled upon Defendants' papers containing the offending contentions. Netbula failed to comply with the safe harbor provision of Rule 11 as that provision is supposed to be implemented. Moreover, Netbula should have been aware that its request was untimely since Defendants gave Netbula notice of this problem in its letter of April 3, 2007. *See id.*, Ex. A (letter, dated 4/3/07). Nevertheless, Netbula decided to file its Rule 11 motion. Moreover, in the April 2007 letter, Defendants provided a detailed explanation as to why the Rule 11 motion on the merits was weak. Netbula's only response was that "none of the arguments in your letter have any merit." *Id.*, Ex. B (letter, dated 4/11/07).

The question is what are reasonable fees in this instance. Defendants assert that they have not included as part of their fee request the fees incurred in drafting the April 2007 letter. *See id.* ¶ 21. If that is the case, it was not reasonable for defense counsel to spend an additional 84.3 hours to prepare the opposition and related papers in response to the Rule 11 motion. The April 2007 letter, as stated above, already provided a detailed explanation as to why the Rule 11 motion was not well

5

founded. An expenditure of $35,000 of additional attorney time to file the opposition appears excessive.

On the other hand, the fee award should not be nominal. Although the Rule 11 motion was clearly untimely, Defendants reasonably addressed the merits of the motion as well as the procedural defenses because there was no guarantee that the Court would deny the motion on a procedural basis. Moreover, even if there were a strong likelihood that the Court would deny the motion, defense counsel's credibility had been attacked, and they were entitled to defend against the charge that they had acted frivolously, a grave charge. In addition, contrary to Netbula's assertion, the factual investigation needed to respond to the Rule 11 motion on the merits was not a task that could quickly be accomplished. For example, a fair amount of time was reasonably expended to look into the history of events surrounding the May 15, 2006, settlement meeting.

Given the circumstances, having reviewed the opposition brief and affidavit, the Court concludes that an award of $20,000 is reasonable.

## II.  CONCLUSION

For the foregoing reasons, Netbula's motion for Rule 11 sanctions is denied, and Defendants' motion for attorney's fees granted. Defendants shall be awarded $20,000 in fees as prevailing party to the instant Rule 11 motion. The Court does not award fees as a Rule 11 or other sanction.

IT IS SO ORDERED.

Dated: June 11, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge