UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETBULA, LLC, | No. C 06-0711 MJJ (WDB) |
| Plaintiff, | **ORDER AND REPORT AND RECOMMENDATION RE DEPOSITIONS** |
| v. | |
| BINDVIEW DEVELOPMENT CORPORATION, et al. | |
| Defendants. _____/ | |

## ORDER

Defendants noticed depositions of a plaintiff's representative to be designated under Rule 30(b)(6), Dongxiao Yue, and Neil Smith. See, Letter, filed June 13, 2007. Plaintiff objected to the taking of these depositions. See, Objections to Defendants' Notice of Depositions, filed June 14, 2007. On June 14, 2007, plaintiff also filed a document styled Objections to Magistrate Judge's Discovery Orders Issued on June 11, 2007. Plaintiff's Objections to this court's June 11th Orders primarily seek clarification about the scope of waiver of the attorney client privilege found by this court with respect to communications between plaintiff and Neil Smith.

The parties' originally directed their disputes to the presiding District Judge. Judge Jenkins has requested that the undersigned address the parties' disputes in the first instance as they fall within the scope of the District Court's initial discovery referral. The undersigned will also clarify the June 11th ruling regarding the scope of waiver. If, following such clarification, plaintiff continues to object to this court's

ruling on the issue of waiver plaintiff may present its Objections directly to Judge Jenkins.

On Friday, June 22, 2007, the court conducted a telephonic hearing to discuss these discovery disputes.  For the reasons stated on the record and below, we ORDER as follows.

1.  The court clarified its ruling that plaintiff waives the protections of the attorney client privilege with respect to communications between it and Neil Smith *only if* plaintiff voluntarily elects to pursue its claim that Mr. Smith's attorney's fees constitute a component of damages under plaintiff's claim for fraud.  Plaintiff, through its counsel, represented on the record at the June 22nd hearing that it now has elected <u>not</u> to claim as fraud damages monies paid to Mr. Smith.  Accordingly, it is this court's ruling that plaintiff has not waived the attorney client privilege with respect to related communications between it and Mr. Smith.

As explained on the record, defendants MAY depose Mr. Smith with respect to communications between Mr. Smith and representatives of <u>defendants</u> relating to plaintiff's fraud claim.

2.  Mr. Yue must appear for deposition both in his individual capacity and as plaintiff's representative in response to defendant's Rule 30(B)(6) notice.  Unless plaintiff presents a compelling reason for Mr. Yue's unavailability, Mr. Yue's deposition will take place beginning June 27, 2007 at 9:00 a.m. and will continue to June 28th and the afternoon of June 29th, if necessary.  The deposition will take place in defense counsel's offices in San Francisco, California.

3.  Mr. Neil Smith must appear for deposition.  Mr. Smith will be subject to deposition for no more than four hours.  He will be deposed on a date convenient to Mr. Smith.  The parties have scheduled Mr. Smith's deposition for July 12, 2007.  See, June 26, 2007, letter from Mr. Wakefield to the undersigned, attached hereto ("Wakefield Letter").

4.  Plaintiff may take the deposition of Mr. Pulaski.  Mr. Pulaski is currently traveling out of the country.  Defendants' counsel was to determine Mr. Pulaski's

1 schedule and to send a writing to plaintiff's counsel and this court advising of Mr.
2 Pulaski's soonest availability.  According to defendants' counsel, plaintiff will depose
3 Mr. Pulaski on July 2, 2007.  See, Wakefield Letter.
4     5.    For the reasons stated on the record, plaintiff may *not* take the deposition
5 of Michael Schallop.
6     6.    Plaintiff also seeks to take the depositions of Mr. Margolis and Mr.
7 Toedt, former employees of Bindview.  Plaintiff may depose Messrs. Margolis and
8 Toedt for no more than one day each.  The depositions will take place in Houston,
9 Texas, where the deponents reside.  *If* the deponents' schedules permit plaintiff must
10 take these depositions by July 16, 2007.
11 Counsel for defendant was to contact Messrs. Margolis and Toedt to inquire
12 about their availability.  However, plaintiff must formally subpoena both non-parties
13 pursuant to F.R.C.P., Rule 45.  Defendants counsel represents that plaintiff is
14 scheduled to take Mr. Toedt's position on July 3, 2007, and to take Mr. Margolis'
15 deposition on July 11, 2007.  See, Wakefield Letter.
16 IT IS SO ORDERED.
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //
//

3

**REPORT AND RECOMMENDATION**

Given the availability and timing of Messrs. Pulaski, Margolis and Toedt, the parties are unable to comply with the Court's current pretrial schedule. Accordingly, the parties have asked this court to RECOMMEND that Judge Jenkins extend some of the parties' pretrial deadlines. See, Wakefield Letter. The parties do not wish to continue the currently established trial date.

In order to permit the parties to take important depositions, and because the parties represent that their requested deadline extension will not compromise the trial date, we RECOMMEND as follows.

    a.    that the deadline for expert reports be extended eleven (11) days to July 20, 2007,

    b.    that the "expert" discovery cut-off be extended eleven (11) days to August 10, 2007, and

    c.    that the deadline for hearing dispositve motions be extended ten (10) days to August 31, 2007.

IT IS SO REPORTED AND RECOMMENDED.

Dated:   June 28,  2007

                                        WAYNE D. BRAZIL
                                        United States Magistrate Judge

Copies to:
Parties, MJJ, WDB, Stats