United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  NETBULA, LLC,                              No. C06-0711 MJJ (EMC)

12              Plaintiff,                      **ORDER ADOPTING MAGISTRATE
                                                JUDGE'S JUNE 11, 2007 ORDER ON
13      v.                                      PLAINTIFF'S MOTION FOR
                                                SANCTIONS**
14  BINDVIEW DEVELOPMENT
    CORPORATION, et al.,
15                Defendants.

16  _____/

17

18                            **INTRODUCTION**

19          Before the Court is Plaintiff Netbula, LLC's ("Plaintiff") Objection to the Magistrate's Order

20  Denying Plaintiff's Motion For Sanctions.[1]  For the following reasons, the Court **ADOPTS** the

21  magistrate judge's order.

22                          **FACTUAL BACKGROUND**

23          On March 14, 2007, Plaintiff served Birdview Devellopment Corporation, Symantec

24  Corporation, and Eric J. Pulaski ("Defendants") with a Rule 11 motion.  On April 3, 2007, counsel

25  for Defendants sent a letter to Plaintiff, refusing to withdraw any of the statements or contentions on

26  which Plaintiff based its motion.  On April 6, 2007, Plaintiff filed its Rule 11 motion with the Court.

27  On April 24, 2007, the Court referred the motion to Magistrate Judge Chen.  On May 16, 2007,

28  Defendants filed an opposition to Plaintiff's motion as well as a motion for attorneys' fees.  After a

---

[1]Docket No. 193

June 6, 2007 hearing, Magistrate Judge Chen issued a June 11, 2007 order that denied the Rule 11 motion on the grounds that it was untimely. In addition, he granted Defendants' attorneys $20,000 in attorneys' fees.

### STANDARD OF REVIEW

The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's findings of fact; legal conclusions are freely reviewable de novo to determine whether they are contrary to law. *Wolpin v. Philip Morris Inc*., 189 F.R.D. 418 (1999). "[A] magistrate's order is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Yent v. Baca*, 2002 WL 32810316, at *2 (C.D. Cal. 2002); *See also* 32 Am. Jur. 2d Federal Courts § 143 (2007).

### ANALYSIS

**A.      Plaintiff's Motion for Sanction**

Because Magistrate Judge Chen denied Plaintiff's motion for sanctions on the grounds that it was untimely, a chronology of the events leading to the motion is instructive.

First, Plaintiff's claims that Defendants' statements in its motions to dismiss justify sanctions by the Court. Plaintiff claimed that Defendants mischaracterized its fraud claim and improperly argued that it lacked the right to sue. Defendants filed motions to dismiss on June 15, 2006, based on Plaintiff's failure to state a claim and the Court's lack of personal jurisdiction over Defendants. Plaintiff filed oppositions to those motions on July 26, 2006, and Defendants filed reply briefs on August 1, 2006. In an August 23, 2006 order, the Court granted in part and denied in part Defendants' motions. Plaintiff served its Rule 11 motion on Defendants on March 14, 2007, over six months later.

Second, Plaintiff also moves under Rule 11 to sanction claims that Defendants made in their

**United States District Court**
For the Northern District of California

1   opposition to Plaintiff's October 10, 2006 motion to strike.  In that opposition, according to

2   Plaintiff's motion, Defendants made a frivolous argument regarding Plaintiff's copyright

3   registration, mischaracterized Plaintiff's licensing and pricing procedures, and offered a meritless

4   affirmative defense of unclean hands.  On November 17, 2006, the Court ruled on the motion to

5   strike, issuing an order that granted in part and denied in part the motion.  Plaintiff served its Rule 11

6   motion on Defendants on March 14, 2007, nearly four months later.

7       Third, Plaintiff also raises grounds for sanctions arising out of Defendants' September 29,

8   2006 joint case management statement, alleging that Defendants falsely accused Plaintiff of failing

9   to produce necessary documents at a conference.  In addition, Plaintiff argues that in their December

10  6, 2006 seconded amended answer, Defendants repeated their misstatement of Plaintiff's pricing of

11  its products.  The March 14, 2007 service of the Rule 11 motion on Defendants came over five

12  months after the joint case management statement and over three months after the seconded

13  amended answer.

14      Magistrate Judge Chen concluded that Plaintiff's Rule 11 motion was untimely based on

15  Advisory Committee Notes that accompany the rule.  He applied the standard that "[o]rdinarily [the]

16  motion should be served promptly after the inappropriate paper is filed, and, if delayed too long,

17  may be viewed as untimely."  Fed. R. Civ. P. 11(b) and (c), 1993 Advisory Committee Notes.  The

18  magistrate judge's order properly applied appropriate law.  He reasonably concluded that the motion

19  was untimely because "it was not filed until may months after Defendants' offending contentions

20  were made and long after the presiding judge had already considered or ruled upon the papers

21  containing the offending contentions."  (Ord. Denying Pl.'s Mot. for Sanctions and Grant. Defs' Mot

22  for Atty.'s Fees, p. 2.)  The Plaintiff admits in its objection that a determination of timeliness is

23  discretionary; the magistrate judge acted within this discretion.

24      Plaintiff points out that the magistrate judge erroneously found that the Rule 11 motion did

25  not involve pleadings, since Plaintiff did request that the Court impose sanctions on Defendants for

26  claimed mischaracterizations in their second amended answer.  However, this argument does not

27  undermine the *conclusion* that the motion is untimely. "Plaintiff pointed out that . . . sanctions for

28  violations in pleadings are determined at the end of case."  (Pl.'s Obj. to Mag. Judge's Ruling, p. 5.)

1    Therefore, Rule 11 motion for sanctions arising from Defendants' pleading was untimely because

2    Plaintiff filed it too *early* by not awaiting the end of the case.

3        Because Magistrate Judge Chen's order denying Plaintiff's request for sanctions is not in

4    clear error nor is it contrary to law, the Court declines to set aside his order.[2]

5        **B.    Defendant's Motion for Attorney's Fees**

6        A court has discretion to award attorney's fees to the party that prevails on the motion.  Fed.

7    R. Civ. P. 11(c)(1)(A).  Plaintiff relies on a Supreme Court case that interpreted the attorney fee

8    shifting provisions of the Fair Housing Amendments Act and of the Americans with Disabilities Act

9    to define "prevailing party."  *See Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of*

10   *Health and Human Resources*, 532 U. S. 598, 605 (2001).  This case does not inform an analysis of

11   Rule 11.  The magistrate judge provided authority for imposition of attorney's fees on the party that

12   successfully defends against a Rule 11 motion.  *See EEPC v. Tandem Computers*, 159 F.R.D. 224

13   (D. Mass. 1994).  Since Defendant was the prevailing party on the Rule 11 motion, the magistrate

14   judge had discretion to award it attorney's fees.  The award was neither clearly erroneous nor

15   contrary to law.

16                                   **CONCLUSION**

17       The Court **DENIES** Plaintiff's objection to the magistrate judge's June 11, 2007 order on

18   Plaintiff's Motion for Sanctions.

19

20

21   **IT IS SO ORDERED.**

22

23   Dated: August_4_, 2007                        _____

24                                                  MARTIN J. JENKINS
                                                    UNITED STATES DISTRICT JUDGE
25

26

27

28
     _____

     [2] Because the order denied sanctions based on the untimeliness of Plaintiff's motion, the Court does not reach
     Plaintiff's objections to Magistrate Judge Chen's dicta on the merits of Plaintiff's claims for sanctions.

4

United States District Court
For the Northern District of California